IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

GREGORY J. SKALER                           :          CIVIL ACTION
                                            :
        v.                                  :
                                            :          No. 09-3978
MARINA DISTRICT DEVELOPMENT                 :
CO., LLC, et al.                            :

**MEMORANDUM**

Ludwig, J.                                                    October 29, 2009

        This is a personal injury action arising from an assault and battery on May 26, 2008.

Complaint, ¶¶ 9-10.  On June 15, 2009, plaintiff filed a complaint against defendants in the

Philadelphia Court of Common Pleas.  Exhibit "A" to defendant's motion.  On June 16,

2009, plaintiff served a copy of plaintiff's complaint on defendant Marina District

Development Co., LLC, d/b/a Borgata.  Exhibit "B" to defendant's motion.  On August 19,

2009, plaintiff filed a praecipe to correct the address of defendant Strike Force Protective

Services, Inc.  Exhibit "C" to defendant's motion. On September 9, 2009, defendant Borgata

removed the action on the ground of diversity jurisdiction.  Notice of Removal, docket no.

1.  Plaintiff moves to remand, asserting that the notice of removal was not timely filed.  The

motion must be denied.

        According to the complaint originally filed, plaintiff and defendant Strike Force were

residents of Pennsylvania, and Borgata was a resident of New Jersey.  Complaint, Exhibit

"A" to Notice of Removal.  Therefore, at the time of filing, and at the time Borgata was

served, diversity jurisdiction did not exist.  However, once plaintiff filed a praecipe

correcting the address of defendant Strike Force to a New Jersey address, complete diversity did exist.[1]  The praecipe was filed on August 19, 2009, and Borgata removed this action on September 9, 2009.

28 U.S.C. § 1446(b) states: "If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." The praecipe filed by plaintiff is an "other paper" under the statute.  Efford v. Milam, 368 F. Supp.2d 380, 385 (E.D. Pa. 2005) (citations omitted) ("other paper" includes a document that is the result of "a voluntary act of the plaintiff," which makes it "unequivocally clear and certain" that jurisdiction exists).

Because Borgata removed this action within 30 days of the filing of the praecipe changing the address of Strike Force, the removal was timely and plaintiff's motion must be denied.

BY THE COURT:

/s/ Edmund V. Ludwig
Edmund V. Ludwig, J.

---

[1] There is no dispute that the amount in controversy satisfies the jurisdictional requirement.